**STATE v. BEAN**

[227 N.C. App. 335 (2013)]

STATE OF NORTH CAROLINA
v.
TAMARA MCDANIEL BEAN

No. COA12-697-2

Filed 21 May 2013

1. **Constitutional Law—right to silence—no probable impact on jury verdict**

    The trial court did not err in a first-degree murder case by concluding that the State did not use defendant's constitutional right to silence against her. A review of the totality of the evidence revealed that the challenged instances did not have a substantial or probable impact on the jury's verdict.

2. **Criminal Law—prosecutor's argument—defendant's right to plead not guilty**

    The trial court did not err in a first-degree murder case by concluding that the State did not violate defendant's right to plead not guilty by commenting during closing arguments that despite the mounting evidence against her, defendant could still say she did not do it. The jury was properly instructed regarding the State's burden of proof and defendant's right to plead not guilty.

    Appeal by defendant from judgment entered 2 September 2011 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 14 November 2012.

    *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant.*

    *Attorney General Roy Cooper, by Special Deputy Attorney General L. Michael Dodd, for the State.*

ELMORE, Judge.

Tamara McDaniel Bean (defendant) appeals from a judgment entered upon a jury conviction of first-degree murder, sentencing her to life imprisonment without parole. This court initially heard the appeal on 14 November 2012, and we concluded that defendant received a trial

free from prejudicial error.[1] Our Supreme Court then granted defendant's petition for discretionary review for the limited purpose of remanding the case to this Court for reconsideration of 1) the instruction and evidentiary issues in light of both *State v. Lawrence*, 365 N.C. 506, 723 S.E.2d 326 (2012) and the Rules of Appellate Procedure, Rule 10(a)(4), and 2) the closing argument issue in light of *State v. Campbell*, 359 N.C. 644, 617 S.E.2d 1 (2005). After careful consideration, we again conclude that defendant received a trial free from prejudicial error.

## I. Background

Defendant and Randy Charles (the victim) were involved in a long-term romantic relationship. Although they never married, defendant often referred to the victim as her husband, and in 1984 they began living together. They lived together continuously from that time until the victim's death in 2008. Towards the end of their time together, the couple resided in Randolph County. Defendant's grandson, Thomas Simons, lived with them.

By all accounts, defendant and the victim had a tumultuous relationship, marked by regular fights and threats to leave each other. Their fights were, at times, violent, but neither defendant nor the victim ever reported domestic violence. The couple's final fight occurred on 30 September 2008, and resulted in defendant fatally shooting the victim. She was arrested and charged with first-degree murder. The case came on for trial on 22 August 2011. Defendant pled not guilty and testified on her own behalf, asserting that she killed the victim in self-defense.

On 2 September 2011, defendant was convicted by a jury of first-degree murder. The trial court then entered judgment, sentencing defendant to life imprisonment without parole.

## II. Analysis

On remand from our Supreme Court, we will address two constitutional arguments advanced by defendant. She argues 1) that the State used her constitutional right to silence against her as impeachment evidence and as substantive evidence of her guilt and 2) that during closing arguments for the State, the prosecutor commented on her right to plead not guilty, in violation of her constitutional rights.

We begin our review by first noting that in our initial review of these arguments we concluded that defendant failed to raise them at

---

1. *State v. Bean*, No. COA 12-697, 2012 N.C. App. LEXIS 1423 (filed 18 December 2012) (unpublished).

trial. Thus, we declined to address these arguments as this Court held in *State v. Jones* that "constitutional arguments not raised at trial are not preserved for appellate review" and they "will not be considered for the first time on appeal, not even for plain error[.]" ___ N.C. App. ___, ___, 715 S.E.2d 896, 900-01 (2011) (quotations and citations omitted). Indeed, it is clear from the record that defendant made no objection or argument with regards to these issues at trial. Thus, we maintain that our holding in *State v. Jones* is controlling in this instance, and that customarily we are barred from addressing these constitutional issues for the first time on appeal, even for plain error. However, given that our Supreme Court has specifically requested that we review these unpreserved constitutional arguments, we will now do so. We concede that these arguments, while framed by defendant under her own words as constitutional issues, do address evidentiary matters which could lend themselves to plain error review.

## A.  Right to silence

**[1]** Defendant first argues that the State used her constitutional right to silence against her in several specific instances: 1) when during direct examination of Nurse Barber, who treated defendant, the State elicited testimony from the nurse that defendant didn't say anything to her about self-defense; 2) when during cross-examination of defendant the State asked her a series of questions attempting to show that she was uncooperative with the EMT and police because she gave them a wrong name and refused to answer their questions in their attempt to aid her; 3) when during cross-examination of Dr. Helsabeck, who treated defendant at the hospital, the State asked Dr. Helsabeck if defendant mentioned self-defense; 4) when during closing arguments the prosecutor mentioned that immediately after the shooting and while still at the scene of the crime, defendant refused to give her version of the events which led to the shooting.

Turning to *State v. Lawrence*, we note that under a plain error review "a defendant must establish prejudice — that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." 365 N.C. at 518, 723 S.E.2d at 334 (quotations and citations omitted). Here, upon review of the totality of the evidence, we are unable to conclude that the challenged instances had a substantial or probable impact on the jury's verdict. At trial, evidence was admitted tending to prove that in two instances defendant admitted her guilt. Specifically, she told a nurse soon after the shooting and before she was charged with murder that "I killed my husband just because I finally had enough of him." She also told the nurse "I'm guilty." Evidence

was also admitted by the State tending to prove that in the months leading up to his death, the victim was frightened by defendant and fearful that she would kill him. Thus, in light of this evidence we conclude that the prosecutor's comments and questions regarding whether defendant mentioned self-defense prior to trial had little bearing on the jury finding defendant guilty.

## B. Right to plead not guilty

[2] Defendant next argues that the State violated her right to plead not guilty by commenting during closing arguments that despite the mounting evidence against her, defendant could "still say I didn't do it. And that's what we've got here." We have been instructed to review the prosecutor's comments in light of our Supreme Court's holding in *State v. Campbell.*

In *Campbell*, the defendant was convicted of first-degree murder and sentenced to death after officers discovered a rifle, an axe, and the wallets of two deceased men in the trunk of the vehicle in which the defendant was driving. 359 N.C. at 656-57, 617 S.E.2d at 9-10. On appeal to our Supreme Court, the defendant challenged, in part, the prosecutor's comments during the State's closing arguments. *Id.* at 675, 617 S.E.2d at 21. There, our Supreme Court noted that the defendant "did not object" to the comments at trial and thus must show that the comments were "so grossly improper that the trial court abused its discretion by failing to intervene *ex mero motu." Id.* at 676, 617 S.E.2d at 21. Further, "[t]o make this showing, defendant must demonstrate that the prosecutor's comments so infected the trial with unfairness that they rendered the conviction fundamentally unfair." *Id.* Our Supreme Court then noted that the jury in *Campbell* received proper instructions from the trial court and when "viewed as a whole, and in light of the wide latitude afforded the prosecution in closing argument, the prosecutor's challenged arguments did not so infuse the proceeding with impropriety as to impede defendant's right to a fair trial." *Id.* at 679, 617 S.E.2d at 23.

Turning to the case at issue, it is clear from the record that the jury was properly instructed regarding the State's burden of proof and defendant's right to plead not guilty. Specifically, the trial court told the jury that "the State must prove to you that Ms. Bean is guilty beyond a reasonable doubt" and that Ms. Bean "has entered a plea of not guilty" and "she is not required to prove her innocence." Given these proper instructions and the amount of evidence presented against defendant tending to prove her guilt, we are unable to agree that the prosecutor's comments entitle defendant to a new trial.

## III. Conclusion

In sum, upon limited remand from our Supreme Court, we again conclude that defendant received a fair trial, free from prejudicial error.

No prejudicial error.

Judges STROUD and DAVIS concur.

